UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TONY JACKSON,**<br><br>                          Petitioner,<br><br>v.<br><br>**J. SANTANA, WARDEN**,<br><br>                          Respondant. | Case No.: 18-CV-0212-JLS (WVG)<br><br>**ORDER FOR FURTHER BRIEFING** |

      On January 29, 2018, Petitioner Tony Jackson filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. Section 2254. (ECF No. 1.) On March 2, 2018, Respondent J. Santana filed a Response and concurrently lodged numerous state court records. After reviewing the Petition, Respondent's Answer, and all exhibits submitted, the Court finds further briefing is required regarding the timeliness of the Petition.

      District courts are permitted to "consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006). When raising this issue on its own, the Court must "accord the parties fair notice and an opportunity to present their positions." *Id.* at 210.

      Petitioner's judgment became final on October 21, 2016. (ECF No. 7.) Petitioner filed this Petition for Writ of Habeas Corpus on January 29, 2018. (ECF No. 1.) The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one year

statute of limitations period to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d); *see also Smith v. Mahoney*, 611 F.3d 978, 993 (9th Cir. 2010) ("AEDPA imposes a one year statute of limitations on habeas petitions from the date the state judgment became final, not including time for post-conviction review.") AEDPA states in relevant part:

> (1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>   (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   (D) the date on which the factual predicate of the claim or claims presented could not have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(d)(2). Additionally, AEDPA's limitations period is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010).

However, it is not readily apparent that Petitioner has cause for filing his Petition after the limitations period expired. Accordingly, Court **ORDERS** as follows:

(1) On or before **September 4, 2018**, Petitioner shall file further briefing to show cause why the petition should not be dismissed for failure to meet the statutory one year deadline. This briefing is limited to five (5) pages, exclusive of exhibits;

(2) On or before **September 10, 2018**, Respondent shall file an opposition. This reply in opposition is limited to five (5) pages, exclusive of exhibits;

(3) No sur-replies will be accepted.

**IT IS SO ORDERED.**

Dated: August 6, 2018

_____
Hon. William V. Gallo
United States Magistrate Judge