1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

8
9
10

| | |
|---|---|
| TONY JACKSON,<br><br>    Petitioner,<br><br>v.<br><br>J. SANTANA, Warden,<br><br>    Respondent. | Case No.:  18-CV-212 JLS (WVG)<br><br>**ORDER (1) OVERRULING PETITIONER'S OBJECTIONS; (2) ADOPTING REPORT AND RECOMMENDATION; AND (3) DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(ECF No. 13) |

11
12
13
14
15
16
17
18

19    Presently before the Court is Magistrate Judge William V. Gallo's Report and

20 Recommendation ("R&R," ECF No. 13), recommending that the Court deny Petitioner

21 Tony Jackson's Petition for Writ of Habeas Corpus (ECF No. 1).  Also before the Court is

22 Petitioner's Objections to the R&R ("Objs.," ECF No. 14).  Respondent filed no objections

23 or reply.  Having considered the Parties' arguments and the law, the Court **OVERRULES**

24 Petitioner's Objections, **ADOPTS** the R&R in its entirety, and **DENIES** the Petition.

25                                  **BACKGROUND**

26    Magistrate Judge Gallo's R&R contains a thorough and accurate recitation of the

27 factual and procedural history underlying the case.  *See* R&R at 2–7.  This Order

28 incorporates by reference the background as set forth therein.

**LEGAL STANDARD**

**I.      Review of the Report and Recommendation**

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties in connection with a magistrate judge's report and recommendation.  The district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).  In the absence of timely objection, however, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

**II.     Review of Habeas Corpus Petitions Under 28 U.S.C. § 2254**

This Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") because it was filed after April 24, 1996 and Petitioner is in custody pursuant to the judgment of a state court.  *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  Under AEDPA, a court may not grant a habeas petition "with respect to any claim that was adjudicated on the merits in State court proceedings," 28 U.S.C. § 2254(d), unless the state court's judgment "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2).

Where there is no reasoned decision from the highest state court to which the claim was presented, the court "looks through" to the last reasoned state court decision and presumes it provides the basis for the higher court's denial of a claim or claims.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 805–06 (1991); *Cannedy v. Adams*, 706 F.3d 1148, 1156 (9th Cir. 2013), *as amended on denial of rehearing*, 733 F.3d 794 (9th Cir. 2013), *cert.*

*denied*, 571 U.S. 1170 (2014). Where "the last reasoned opinion on the claim explicitly imposes a procedural default, [a court] will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits." *Ylst*, 501 U.S. at 803.

A state court need not cite Supreme Court precedent when resolving a habeas corpus claim. *See Early v. Packer*, 537 U.S. 3, 8 (2002). "[S]o long as neither the reasoning nor the result of the state-court decision contradicts [Supreme Court precedent,]" the state court decision will not be "contrary to" clearly established federal law. *Id.*

## ANALYSIS

Magistrate Judge Gallo recommends that the Petition be denied because it is procedurally barred under California's timeliness rule. *See generally* R&R. Petitioner objects to Magistrate Judge Gallo's finding that he failed to show cause why the Petition should still be allowed. *See generally* Objs. The Court reviews de novo those findings to which Petitioner objects.

## I. California's Timeliness Rule

In the R&R, Magistrate Judge Gallo first determines that the Petition is procedurally barred under California's timeliness rule. R&R at 9. Magistrate Judge Gallo finds that "the California Court of Appeal clearly and expressly denied Petitioner's state petition . . . as procedurally barred," *id.*, because Petitioner filed his Petition "two years after he was sentenced without any explanation for the delay." *Id.* (quoting Lod. 11 at 1, ECF No. 7-24).

When "a state court denie[s] a claim based on an independent and adequate state procedural rule," a federal court may not grant the petitioner relief on the merits. *Ayala v. Chappell*, 829 F.3d 1081, 1095 (9th Cir. 2016). "It is well settled that California's timeliness rule . . . constitutes an independent and adequate state procedural ground barring subsequent habeas relief in federal court." R&R at 10 (citing *Walker v. Martin*, 532 U.S. 307, 317 (2011); *Ayala*, 829 F.3d at 1095 ("*Walker* holds that California's timeliness rule *is* an independent and adequate state law ground sufficient to bar federal habeas relief on untimely claims.") (emphasis in original)).

///

1    Magistrate Judge Gallo notes, however, that "the Petition may proceed" despite

2  failure of the timeliness rule "if Petitioner can demonstrate cause for the default and show

3  actual prejudice, or that failure to consider the claims will result in a fundamental

4  miscarriage of justice." *Id.* at 10 (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

5    Magistrate Judge Gallo concludes that Petitioner "failed to show the requisite

6  cause." *Id.* at 11. Regarding Petitioner's argument concerning ineffective assistance of

7  counsel, Magistrate Judge Gallo concludes that "any argument that Petitioner's counsel

8  erred by not timely raising a habeas petition before the state court is unavailing as cause."

9  *Id.* And, even if Petitioner had proven cause, Magistrate Judge Gallo concludes that

10  Petitioner offers no arguments regarding prejudice and his arguments regarding

11  miscarriage of justice are "conclusory" and "insufficient." *Id.*

12    Petitioner raises two objections to Magistrate Judge Gallo's finding that Petitioner

13  fails to demonstrate cause. Objs. at 6–7. First, Petitioner rehashes his argument raised in

14  his response regarding ineffective assistance of counsel. *Id.* at 6. Petitioner claims that the

15  cause for default was his counsel's refusal to bring his claims. *Id.* According to Petitioner,

16  he "waited for [appellate] counsel to get back to [him]" regarding whether Petitioner had a

17  possible claim "concerning proof of identity with regards to strike priors" but "[c]ounsel

18  [led] Petitioner on until the time had pas[sed] to file a timely petition." *Id.* at 6–7.

19    The Court must agree with Magistrate Judge Gallo that failure of Petitioner's counsel

20  to timely raise a habeas petition is insufficient to establish cause. "[W]here the State has

21  no responsibility to ensure that the petitioner was represented by competent counsel . . . the

22  Petitioner bears the risk . . . for all attorney errors made in the course of the representation."

23  *Coleman*, 501 U.S. at 754. Because "[t]here is no constitutional right to an attorney in state

24  post-conviction proceedings," *id.* at 752, Petitioner's arguments that his attorney's error

25  led to the late filing of his state habeas petition "cannot be constitutionally ineffective" and

26  does not constitute cause. *Id.* at 752–53 (internal quotation marks omitted).

27    Second, Petitioner argues generally that he has been prejudiced and there has been a

28  miscarriage of justice. *See generally* Objs. He claims that there has been a miscarriage of

justice because the "strike priors [were] not proved beyond a reasonable doubt" due to the fact that "defen[s]e counsel clearly stated that Petitioner would not contest identity with respect to the prison priors." *Id.* at 6. Petitioner further contends that he was prejudiced because "if counsel would have informed Petitioner" that he did not have a claim regarding the strike priors "the [P]etition would have been timely." *Id.* at 7. Petitioner failed to prove the element of cause and, therefore, any evidence establishing prejudice or miscarriage of justice is inadequate to procure federal habeas review. The Court therefore must agree with Magistrate Judge Gallo's recommendation that the Petition should be denied.

## II.     Merits of the Petition

Magistrate Judge Gallo did not reach the merits of Petitioner's claims because he found the Petition procedurally barred. *See* R&R at 11. Petitioner objects to this recommendation and argues that there is "clear and convincing evidence" to support his claims and therefore the Court should consider the merits of his claims. Objs. at 2. Ordinarily, the Court would review *de novo* those portions of Magistrate Judge Gallo's R&R to which Petitioner objected. Because the Court adopts Magistrate Judge Gallo's R&R in its entirety, however, including his recommendation to deny the Petition under the timeliness procedural bar, the Court does not reach the merits and overrules Petitioner's objection.

The Court therefore **OVERRULES** Petitioner's objections and **ADOPTS** Magistrate Judge Gallo's recommendation that the Court deny the Petition.

## CONCLUSION

In light of the foregoing, the Court:

1. **OVERRULES** Petitioner's Objections (ECF No. 14),

2. **ADOPTS** in its entirety Magistrate Judge Gallo's R&R (ECF No. 13), and

///

///

///

///

18-CV-212 JLS (WVG)

1    3. **DENIES** the Petition (ECF No. 1).  The Court **DENIES** a certificate of

2  appealability because the issues are not debatable among jurists of reason and there are no

3  questions adequate to deserve encouragement.  *See Miller-El v. Cockrell*, 537 U.S. 322,

4  327 (2003).  The Clerk of the Court **SHALL** enter judgment denying the Petition.

5    **IT IS SO ORDERED.**

6  Dated:  July 8, 2019

7                                                          Hon. Janis L. Sammartino
                                                           United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18-CV-212 JLS (WVG)